■ GRANADA CONDOMINIUM III ASSOCIATION, Appellant, v KA-RIM PALOMINO, Respondent. [913 NYS2d 668]—

In an action, inter alia, for a permanent injunction, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 23, 2009, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint is denied.

The plaintiff commenced this action against the defendant, a unit owner in the plaintiff's condominium complex, for violating a condominium rule prohibiting unit owners from harboring pets that regularly frequent the outside of the unit. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint. We reverse.

On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Reiver v Burkhart Wexler & Hirschberg, LLP*, 73 AD3d 1149 [2010]). A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135 [2010]). In order for evidence to qualify as "documentary,"

it must be unambiguous, authentic, and undeniable (*Fontanetta v John Doe 1*, 73 AD3d 78, 84-86 [2010]). Neither affidavits, deposition testimony, nor letters are considered "documentary evidence" within the intendment of CPLR 3211 (a) (1) (*see Suchmacher v Manana Grocery*, 73 AD3d 1017 [2010]; *Fontanetta v John Doe 1*, 73 AD3d at 85-87).

Here, the material submitted by the defendant in support of her motion, namely, her own affidavit and a letter sent to her from the plaintiff's attorney, did not constitute "documentary evidence" within the meaning of CPLR 3211 (a) (1). Even if it had constituted documentary evidence, it failed to utterly refute the plaintiff's allegations and conclusively establish a defense as a matter of law (*see Reiver v Burkhart Wexler & Hirschberg, LLP*, 73 AD3d 1149 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78 [2010]).

The Supreme Court erred in determining that the Westchester County Pet Law (Laws of Westchester County § 695.11 [1]) applies to condominiums and their unit owners. In *Board of Mgrs. v Lamontanero* (206 AD2d 340 [1994]), this Court interpreted the New York City Pet Law (*see* Administrative Code of City of NY § 27-2009.1). We determined that because the lawmakers there specifically excluded buildings owned and managed by the New York City Housing Authority from the ambit of the legislation, without recognizing other exclusions, the application of the New York City Pet Law should be expansively interpreted to include not only tenants, but condominium unit owners as well. By contrast, the Westchester County Pet Law makes no exclusions. Its plain and unambiguous language expressly provides that it applies to "tenant[s] in a multiple dwelling" (Laws of Westchester County § 695.11 [1]) and that its protections extend only to tenants governed by leases, including proprietary leases in cooperatives. As such, an irrefutable inference must be drawn that the omission of condominiums and condominium owners was so intended by the Westchester County Legislature (*see Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 71 [2009]; McKinney's Cons Laws of NY, Book 1, Statutes § 240).

The defendant's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.