■ CIVES CORPORATION, Appellant, v GEORGE A. FULLER COMPANY, INC., Defendant, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. [948 NYS2d 658]—

The defendant George A. Fuller Company, Inc. (hereinafter Fuller), was the general contractor on a construction project known as the Concord Hotel & Casino-Retail-Event Center-Ballroom, located in Kiamesha Lake (hereinafter the Project). The plaintiff contracted with Fuller to provide labor and materials for the Project. The defendant Liberty Mutual Insurance Company (hereinafter Liberty) allegedly issued a payment bond in connection with the Project.

After supplying labor and materials for the Project, the plaintiff submitted invoices to Fuller in the amount of $8,952,294, but Fuller allegedly failed to pay the invoices. The plaintiff then submitted a claim to Liberty for payment under the payment bond, but Liberty refused to pay the claim. The plaintiff then commenced this action, inter alia, to recover damages for Liberty's breach of its obligations under the payment bond. It attached a copy of Liberty's alleged payment bond to its summons and complaint.

Liberty moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it, arguing that the bond had no legal effect. It claimed that it had only released the bond to Fuller to be held in escrow subject to certain conditions in an

escrow agreement, that those conditions had never been met and, thus, the bond had never been released from escrow, never become effective, and was returned to it by Fuller. To establish the existence of the escrow agreement and the fact that the terms of the agreement were never met, Liberty submitted, inter alia, various letters and emails. The Supreme Court granted Liberty's motion. The plaintiff appeals and we reverse.

"A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010] [internal quotation marks omitted]; *see Reid v Gateway Sherman, Inc.*, 60 AD3d 836, 837 [2009]). The evidence submitted in support of such motion must be " 'documentary' " or the motion must be denied (*Fontanetta v John Doe 1*, 73 AD3d at 84, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 22). In order for evidence submitted under a CPLR 3211 (a) (1) motion to qualify as "documentary evidence," it must be "unambiguous, authentic, and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010] [internal quotation marks omitted]). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (*Fontanetta v John Doe 1*, 73 AD3d at 84-85 [internal quotation marks omitted]). At the same time, "[n]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)" (*Granada Condominium III Assn. v Palomino*, 78 AD3d at 997 [internal quotation marks omitted]; *see Suchmacher v Manana Grocery*, 73 AD3d 1017 [2010]; *Fontanetta v John Doe 1*, 73 AD3d at 86).

Here, the letters and emails submitted by Liberty did not constitute "documentary evidence" under CPLR 3211 (a) (1) and, thus, should not have been considered by the Supreme Court (*see Integrated Constr. Servs., Inc. v Scottsdale Ins. Co.*, 82 AD3d 1160, 1163 [2011]; *Granada Condominium III Assn. v Palomino*, 78 AD3d at 997; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [2004]). Without these materials, Liberty did not establish the existence of the escrow agreement or the fact that the terms of the agreement were never met. Accordingly, the Supreme Court erred in granting Liberty's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.