■ Shlomo Attias, Appellant, v Richard Costiera et al., Respondents. [993 NYS2d 59]—

In an action to recover damages for breach of a contract for the sale of real property and for the return of a down payment given pursuant to that contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated February 13, 2013, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint, and denied that branch of his cross motion which was pursuant to CPLR 3025 (b) for leave to amend the verified complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to recover a $25,000 down payment pursuant to a contract for the sale of certain real property and $100,000 in damages sustained as a result of the alleged breach of that contract. The defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1). In support of their motion, the defendants submitted, among other things, the contract of sale, their own affidavits, their attorney's affirmation, and various correspondence between the parties' attorneys. The plaintiff cross-moved, inter alia, pursuant to CPLR 3025 (b) for leave to amend the verified complaint to add a cause of action against the defendants and to join their attorney as a party defendant and thereupon assert two causes of action against the attorney. The Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint, and denied that branch of the plaintiff's cross motion which was for leave to amend the verified complaint pursuant to CPLR 3025 (b). We modify.

"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d 923, 924-925 [2014]). "The evidence submitted in support of such motion must be documentary or the motion must be denied" (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2012] [internal quotation marks omitted]; *see Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2010]; *see also* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 21-23).

In order for evidence submitted in support of a CPLR 3211 (a) (1) motion to qualify as "documentary evidence," it must be "unambiguous, authentic, and undeniable" (*Granada Condo-*

*minium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010] [internal quotation marks omitted]; *see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (*Fontanetta v John Doe 1*, 73 AD3d at 84-85 [internal quotation marks omitted]; *see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714). At the same time, "[n]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)" (*Granada Condominium III Assn. v Palomino*, 78 AD3d at 997 [internal quotation marks omitted]; *see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714; *Suchmacher v Manana Grocery*, 73 AD3d 1017, 1017 [2010]).

Here, the affidavits submitted by the defendants, their attorney's affirmation, and the correspondence that was submitted in support of the defendants' motion did not constitute documentary evidence within the meaning of CPLR 3211 (a) (1), and should not have been relied upon by the Supreme Court in directing the dismissal of the complaint pursuant to CPLR 3211 (a) (1) (*see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714; *Granada Condominium III Assn. v Palomino*, 78 AD3d at 997; *Fontanetta v John Doe 1*, 73 AD3d at 84-85). The only documentary evidence submitted in support of the defendants' motion was the contract of sale and the rider to the contract of sale. However, these submissions did not "utterly refute" the plaintiff's allegations or "conclusively establish[ ] a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *see Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d at 924-925; *JP Morgan Chase Bank, N.A. v Balliraj*, 113 AD3d 821, 821 [2014]; *Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 70 AD3d 928, 930 [2010]). Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

However, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to amend the verified complaint pursuant to CPLR 3025 (b). "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v Silva*, 117 AD3d 917, 917 [2014]; *see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). "The determination to permit or deny amendment is committed to the sound discretion of the trial court"

(*Marcum, LLP v Silva,* 117 AD3d at 917; *see* CPLR 3025 [b]; *Lucido v Mancuso,* 49 AD3d at 229).

Here, the plaintiff sought to amend the verified complaint by adding a cause of action against the defendants and to join the defendants' attorney as a party defendant and thereupon assert two causes of action against the attorney. Since the plaintiff's proposed amendments were palpably insufficient and patently devoid of merit, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion (*see generally Longo v Long Is. R.R.,* 116 AD3d 676 [2014]; *Young v Brown,* 113 AD3d 761, 762 [2014]). Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.