In an action to foreclose a mortgage, the defendants Wulforst Acquisition, LLC, Neil Regó, and George Heinlein appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 11, 2013, as granted that branch of the motion of the defendant People’s United Bank, successor by merger to the Bank of Smithtown, which was pursuant to CPLR 3211 (a) to dismiss their cross claim alleging fraud asserted against it, and denied their cross motion pursuant to CPLR 3025 (b) for leave to amend their answer to assert a cross claim alleging breach of contract against the defendant People’s United Bank, successor by merger to the Bank of Smithtown.
Ordered that the order is affirmed insofar as appealed from, with costs.
In January 2013, the plaintiff commenced this action to foreclose a consolidated mortgage securing certain real property in Baiting Hollow (hereinafter the subject property). The underlying note was executed by the defendants Neil Regó and George Heinlein. The defendant Wulforst Acquisition, LLC, of which Regó and Heinlein are members, is the record owner of the subject property. The defendant People’s United Bank, successor by merger to the Bank of Smithtown (hereinafter the Bank), holds a collateral mortgage on the subject property, and was the holder of certain debts (hereinafter the subject debts) which were purchased by Wulforst Acquisition, LLC, Regó, and Heinlein (hereinafter collectively the Acquisition defendants), and consolidated into the underlying note. In their answer, the Acquisition defendants, inter alia, asserted a cross claim against the Bank alleging fraud. The Acquisition defendants contended that they would not have entered into the consolidated mortgage transaction with the plaintiff, or executed the underlying note, had the Bank not represented in certain documents that there were outstanding letters of credit securing the subject debts. The Bank moved, inter alia, pursuant to CPLR 3211 (a) to dismiss that cross claim, and the Acquisition defendants cross-moved pursuant to CPLR 3025 (b) for leave to amend their answer to assert a cross claim alleging breach of contract against the Bank. The Supreme Court granted that branch of the Bank’s motion and denied the cross motion.
*867 Amotion to dismiss pursuant to CPLR 3211 (a) (1) is properly-granted where the documentary evidence submitted utterly refutes the factual allegations of the pleading and conclusively establishes a defense to the claim as a matter of law (see Attias v Costiera, 120 AD3d 1281 [2014]; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [2012]; Kappa Dev. Corp. v Queens Coll. Point Holdings, LLC, 95 AD3d 1178 [2012]; Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010]). Here, the contract between the Acquisition defendants and the Bank, pursuant to which the Acquisition defendants purchased the subject debts, contained a provision by which the Acquisition defendants released the Bank from any and all claims arising out of or related to the underlying note and the consolidated mortgage. A valid release constitutes a complete bar to an action on a claim which is the subject of the release (see Sicuranza v Philip Howard Apts. Tenants Corp., 121 AD3d 966 [2014]; Nucci v Nucci, 118 AD3d 762 [2014]; Rivera v Wyckoff Hgts. Med. Ctr., 113 AD3d 667 [2014]). Accordingly, the Acquisition defendants’ cross claim alleging fraud is barred by the contractual release provision (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269 [2011]).
The Supreme Court providently exercised its discretion in denying the Acquisition defendants’ cross motion for leave to amend their answer. The determination to permit or deny leave to amend a pleading is committed to the sound discretion of the trial court (see HSBC Bank v Picarelli, 110 AD3d 1031 [2013]; Aurora Loan Servs., LLC v Dimura, 104 AD3d 796 [2013]; Lucido v Mancuso, 49 AD3d 220, 229 [2008]) and, although leave to amend a pleading is freely granted, where the proposed amendment is palpably insufficient or patently devoid of merit, leave to amend should be denied (see CPLR 3025 [b]; Ciminello v Sullivan, 120 AD3d 1176 [2014]; Marcum, LLP v Silva, 117 AD3d 917 [2014]). Here, the proposed amendment was patently devoid of merit, as it failed to set forth the contract provisions that the Bank allegedly breached, a necessary element for a breach of contract claim.
In light of our determination, we need not reach the Acquisition defendants’ remaining contentions. Skelos, J.P, Dillon, Duffy and LaSalle, JJ., concur.