■ SUSAN B. EISNER et al., Appellants, v CUSUMANO CONSTRUCTION, INC., et al., Respondents. [18 NYS3d 683]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated August 20, 2014, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action, alleging breach of contract, and (2) from an order of the same court dated February 27, 2015, which denied their motion for leave to renew their opposition to that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action, alleging breach of contract.

Ordered that the order dated August 20, 2014, is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action, alleging breach of contract, is denied; and it is further,

Ordered that the appeal from the order dated February 27, 2015, is dismissed as academic in light of our determination of the appeal from the order dated August 20, 2014; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiffs hired the defendants to perform certain renovations to their residence. After a dispute developed between the parties, the plaintiffs commenced this action against the defendants to recover damages for, among other things, breach of contract. The defendants subsequently moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the basis of documentary evidence. The defendants asserted that the plaintiffs were precluded from asserting a cause of action to recover damages for breach of contract since they had failed to comply with a provision of the contract that required the plaintiffs to provide notice and an opportunity

to cure any allegedly defective work or materials. The defendants argued that this provision of the contract constituted a condition precedent to the assertion of a breach of contract cause of action, and that the plaintiffs had failed to satisfy the condition.

In an order dated August 20, 2014, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action, alleging breach of contract. The plaintiffs thereafter moved for leave to renew their opposition to that branch of the defendants' motion. In an order dated February 27, 2015, the Supreme Court denied the plaintiffs' motion for leave to renew.

"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d 923, 924-925 [2014]). "The evidence submitted in support of such motion must be 'documentary' or the motion must be denied" (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2012], quoting *Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2010] [internal quotation marks omitted]; *see Attias v Costiera*, 120 AD3d 1281, 1282 [2014]).

In order for evidence submitted in support of a CPLR 3211 (a) (1) motion to qualify as "documentary evidence," it must be "unambiguous, authentic, and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d at 996-997; *see Attias v Costiera*, 120 AD3d at 1282-1283; *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are 'essentially undeniable,' would qualify as 'documentary evidence' in the proper case" (*Fontanetta v John Doe 1*, 73 AD3d at 84-85, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 21-22; *see Attias v Costiera*, 120 AD3d at 1283). However, "[n]either affidavits, deposition testimony, nor letters are

considered documentary evidence within the intendment of CPLR 3211 (a) (1)" (*Granada Condominium III Assn. v Palomino*, 78 AD3d at 997 [internal quotation marks omitted]; *see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714).

Here, the affidavits and text messages relied upon by the Supreme Court in concluding that the plaintiff failed to comply with the alleged condition precedent were not " 'essentially undeniable,' " and did not constitute documentary evidence (*Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2010], quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 21-22; *see Attias v Costiera*, 120 AD3d at 1283; *Granada Condominium III Assn. v Palomino*, 78 AD3d at 997). Furthermore, the documentary evidence that was submitted by the defendants in support of their motion did not conclusively establish that the plaintiff failed to comply with the subject provision of the parties' agreement (*see Renaissance Equity Holdings, LLC v Al-An El. Maintenance Corp.*, 121 AD3d 661, 663 [2014]), and proof of the existence of that contract provision did not, without more, "conclusively [establish] a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see generally J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc.*, 15 AD3d 444, 446 [2005]; *Allbrand Discount Liqs. v Times Sq. Stores Corp.*, 60 AD2d 568 [1977]). Accordingly, the court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action, alleging breach of contract.

The plaintiffs' remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.