Sims v Prom Realty Co., LLC (2018 NY Slip Op 02822)





Sims v Prom Realty Co., LLC


2018 NY Slip Op 02822


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-01916
 (Index No. 705653/15)

[*1]Marie Sims, etc., et al., respondents, 
v
Prom Realty Co., LLC, appellant.


Furman Kornfeld & Brennan LLP, New York, NY (Doris Bogdani of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the defendant appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered January 18, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
"A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim'" (Fontanetta v John Doe 1, 73 AD3d 78, 83, quoting Fortis Fin. Servs. v Fimat Futures USA, 290 AD2d 383, 383; see Leon v Martinez, 84 NY2d 83, 88; Guido v Orange Regional Med. Ctr., 102 AD3d 828, 830). "In order for evidence to qualify as documentary,' it must be unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997 [internal quotation marks omitted]). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (Granada Condominium III Assn. v Palomino, 78 AD3d at 997 [internal quotation marks omitted]; see Suchmacher v Manana Grocery, 73 AD3d 1017, 1017; Fontanetta v John Doe 1, 73 AD3d at 86).
Contrary to the defendant's contention, the leases, assignments, and modification and extension agreement it submitted in support of its motion did not establish that the defendant was not responsible for the maintenance of the subject property, and accordingly, the evidence did not conclusively establish a defense as a matter of law.
Moreover, the certified meteorological records the defendant submitted in support of its motion did not conclusively dispose of the plaintiff's claim by demonstrating that the storm-in-progress rule applied, as those records concerned climatological data obtained from Central Park, New York, a location in a county different from the accident location.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court