County of Westchester v Unity Mech. Corp. (2018 NY Slip Op 06879)





County of Westchester v Unity Mech. Corp.


2018 NY Slip Op 06879


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-05037
 (Index No. 59897/16)

[*1]County of Westchester, respondent, 
v
Unity Mechanical Corp., appellant, et al., defendant.


Welby, Brady & Greenblatt, LLP, White Plains, NY (Gregory J. Spaun of counsel), for appellant.
John Nonna, County Attorney, White Plains, NY (James Castro-Blanco and David H. Chen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in an underlying action entitled Gragnaniello v County of Westchester, pending in the Supreme Court, Westchester County, under Index No. 50912/14, the defendant Unity Mechanical Corp. appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated March 29, 2017. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, the County of Westchester, entered into a contract with the defendant Unity Mechanical Corp. (hereinafter Unity) to perform boiler maintenance work at the Westchester County Courthouse (hereinafter the courthouse). As required by the terms of the contract, Unity procured general commercial liability insurance from the defendant Liberty Mutual Insurance Company (hereinafter Liberty), naming the County as an additional insured thereunder. Unity's employee, Joseph Gragnaniello, allegedly sustained injuries while performing boiler maintenance work at the courthouse and commenced a personal injury action against the County and its lessor, the Dormitory Authority of the State of New York (hereinafter DASNY).
The County sent Unity the notice of claim in the underlying action and requested that Unity defend and indemnify it pursuant to the contract. However, neither Unity nor Liberty provided defense or indemnification, and the underlying action proceeded with discovery without their involvement. Summary judgment on the issue of liability was eventually granted in favor of Gragnaniello and against the County in the underlying action. Thereafter, Liberty disclaimed coverage. The County settled the underlying action with Gragnaniello.
The County commenced this action, prior to the Gragnaniello settlement, against Unity and Liberty seeking, inter alia, a judgment for any amounts the County was obligated to pay to Gragnaniello and for its defense costs in the underlying action. Unity moved pursuant to CPLR [*2]3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. The Supreme Court denied the motion, and Unity appeals.
Unity's motion was supported by an affidavit by a senior technical claims specialist employed by Liberty to which was appended the contract between Unity and the County as well as copies of correspondence and emails exchanged among counsel for the County, Liberty, and Unity. Unity asserted that, in response to the County's demand for defense and indemnification, Liberty requested from the County, among other documentation, a copy of the executed contract between the County and Unity to aid in the investigation of the claim. According to Unity, the County, inter alia, sent the bid proposal, which contained only an unexecuted copy of the contract, and a copy of the certificate of liability insurance, which stated that the County was an additional insured under the Liberty policy pursuant to a written contract. Unity contended that the County failed to cooperate with Liberty's request for a copy of the executed contract between the County and Unity and therefore Liberty was within its rights to disclaim coverage. Unity also contended that Liberty's rights were prejudiced by what Unity claimed was the County's voluntary assumption of the defense of DASNY in the underlying action. In opposition to Unity's motion, the County submitted, inter alia, an affirmation from its counsel and copies of various letters and emails exchanged among the parties. The County contended that its contract with Unity required Unity to defend and indemnify the County from the Gragnaniello lawsuit and that the refusal of Liberty to provide coverage did not relieve Unity from its contractual obligations to the County.
A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that a defense is founded on documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Attias v Costiera, 120 AD3d 1281). Affidavits, deposition testimony, and letters are not considered documentary evidence within the intendment of CPLR 3211(a)(1) (see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713; Granada Condominium III Assn. v Palomino, 78 AD3d 996).
Here, many of the materials submitted by Unity in an effort to establish that Unity and Liberty were not obligated to defend and indemnify the County in the underlying action did not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Attias v Costiera, 120 AD3d 1281). Without these materials, Unity failed to establish that the County failed to cooperate with Liberty's investigation of the claim and thereby waived coverage under the policy. Further, Unity failed to submit any documentary evidence as to whether the County voluntarily assumed the defense of DASNY. Moreover, Unity failed to submit any documentary evidence demonstrating that any failure on the part of the County to cooperate with Liberty constituted a breach by the County of its contract with Unity or that any breach by the County occurred prior to Unity's alleged refusal to defend and indemnify the County. Therefore, Unity did not utterly refute the County's allegations or conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Attias v Costiera, 120 AD3d 1281). Accordingly, we agree with the Supreme Court's denial of that branch of Unity's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it.
In assessing a motion under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, Unity submitted no evidence demonstrating that any fact alleged in the complaint was "undisputably not a fact at all" (Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683). Accordingly, we also agree with the Supreme Court's determination to deny that branch of [*3]Unity's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court