Elite Laser Hair, Inc. v Perfect Body Image, LLC (2018 NY Slip Op 08466)





Elite Laser Hair, Inc. v Perfect Body Image, LLC


2018 NY Slip Op 08466


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-07004
 (Index No. 618769/16)

[*1]Elite Laser Hair, Inc., et al., respondents,
v
Perfect Body Image, LLC, etc., et al., appellants.


The Internicola Law Firm, P.C., Staten Island, NY (Charles N. Internicola of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the defendants appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 10, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action to recover damages for conversion, trespass to chattel, and fraud, alleging, inter alia, that "on or about October 23, 2013, and continuing for a period of time up to and including November 18, 2013," the defendants accessed the plaintiffs' computer data and accounts without their authority, thereby causing them damages. The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court, inter alia, denied that branch of the defendants' motion. The defendants appeal.
The defendants assert that a sworn written statement given by one of the proprietors of the plaintiffs to the police constituted documentary evidence within the meaning of CPLR 3211(a)(1) and conclusively established that the causes of action to recover damages for conversion and trespass to chattel were time-barred, thus warranting dismissal of those causes of action. A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Attias v Costiera, 120 AD3d 1281, 1282; Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 924-925). "The evidence submitted in support of such motion must be documentary or the motion must be denied" (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [internal quotation marks omitted]; see Fontanetta v John Doe 1, 73 AD3d 78, 84). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997 [internal quotation marks omitted]; see Attias v Costiera, 120 AD3d at 1283; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714). Here, the statement submitted by the defendants does not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Attias v Costiera, 120 AD3d at 1283; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at [*2]714).
Moreover, contrary to the defendants' contention, accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference (see CPLR 3211[a][7]; Leon v Martinez, 84 NY2d 83, 87-88), the complaint sufficiently states a cause of action to recover damages for fraud (see CPLR 3016[b]; Pludeman v Norther Leasing Sys., Inc., 10 NY3d 486, 491-493).
Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court