JPMorgan Chase Bank, N.A. v Klein (2019 NY Slip Op 08831)





JPMorgan Chase Bank, N.A. v Klein


2019 NY Slip Op 08831


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-02010
 (Index No. 32751/14)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Joseph Klein, et al., defendants, Bank of New York Mellon, etc., appellant.


Belowich & Walsh LLP, White Plains, NY (Daniel G. Walsh and Kerry Ford Cunningham of counsel), for appellant.
Riker, Danzig, Scherer, Hyland & Perretti LLP, New York, NY (Michael R. O'Donnell and Jorge A. Sanchez of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bank of New York Mellon appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated January 31, 2017. The order, insofar as appealed from, granted the plaintiff's motion, inter alia, pursuant to CPLR 3211(a)(1) to dismiss that defendant's counterclaim, declared that the plaintiff's mortgage is prior and superior to the mortgage held by that defendant on the subject property, and, sua sponte, in effect, declared that the mortgage held by that defendant is invalid.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, declared that the mortgage held by the defendant Bank of New York Mellon is invalid is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, declaring that the mortgage held by the defendant Bank of New York Mellon is invalid; as so modified, the order is affirmed insofar as appealed from, with costs.
The plaintiff, JPMorgan Chase Bank, National Association, and the defendant Bank of New York Mellon (hereinafter the defendant), each commenced a separate action to foreclose separate mortgages held by them on the same property. The defendant secured a judgment of foreclosure and sale in its favor. The plaintiff was not a named defendant in the defendant's foreclosure action, and that the plaintiff's motion for leave to intervene in that action was denied. In the plaintiff's foreclosure action, the instant action, the defendant asserted, inter alia, a counterclaim for a judgment declaring that whatever interest the plaintiff may have in the subject property is subject and subordinate to the defendant's mortgage because the Rockland County Clerk's office did not have a properly recorded instrument sufficient to impart notice of the plaintiff's mortgage at the time the defendant's mortgage was given.
Subsequently, the plaintiff moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the defendant's counterclaim. The plaintiff's submissions in support thereof established, inter alia, [*2]the following pertinent facts. On March 19, 2002, JJT Properties, Inc. (hereinafter JJT Properties), which, at the time, held title to the subject property subject to a purchase money mortgage agreement, merged into the defendant Biltmore Real Property Holdings, Inc. (hereinafter Biltmore). A certificate of merger was filed with the New York Department of State on May 7, 2002, and was recorded in the Rockland County Clerk's office on June 11, 2002. On July 10, 2003, the defendant Joseph Klein borrowed the sum of $263,250 from Washington Mutual Bank, F.A. That loan was secured by a mortgage on the subject property, which was executed by Joseph Klein on behalf of Biltmore. Joseph Klein and Adele Klein, the sole directors, officers, and shareholders of Biltmore, were each authorized to mortgage the subject property as security for the loan by a corporate resolution to borrow, attached to a borrower's certificate. The corporate resolution to borrow and the borrower's certificate were both dated May 5, 2003. The mortgage was recorded in the Rockland County Clerk's office on July 21, 2003, and assigned to the plaintiff on May 5, 2015. Part of the loan secured by the plaintiff's mortgage was used to satisfy the purchase money mortgage encumbering the property. A satisfaction of mortgage in connection with that transaction was signed on October 13, 2004, and recorded in the Rockland County Clerk's office on October 20, 2004.
The plaintiff's submissions further established that, notwithstanding its 2002 merger into Biltmore, JJT Properties purported to convey the subject property to Charley Holdings, LLC, on March 29, 2005. The deed to Charley Holdings, LLC, was recorded in the Rockland County Clerk's office on June 16, 2005. On April 14, 2005, Charley Holdings, LLC, conveyed the property to Leszek Wolanski, and that deed was recorded in the Rockland County Clerk's office on April 28, 2005. On April 14, 2005, Credit Suisse First Boston Financial Corp. loaned the sum of $416,250 to Leszek Wolanski, secured by a mortgage on the subject property. That mortgage, which was recorded in the Rockland County Clerk's office on April 28, 2005, was later assigned to the defendant.
In an order dated January 31, 2017, the Supreme Court granted the plaintiff's motion, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the defendant's counterclaim, and declared that the plaintiff's mortgage on the subject property is prior and superior to the defendant's mortgage. In addition, the court, sua sponte, in effect, declared that the defendant's mortgage is invalid based on the conveyances of the subject property initiated by JJT Properties after it merged into Biltmore in 2002. The defendant appeals.
A motion pursuant to CPLR 3211(a)(1) to dismiss a counterclaim may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations underlying the counterclaim and conclusively disposes of the counterclaim as a matter of law (see Shah v Mitra, 171 AD3d 971, 973). "[T]o be considered documentary, evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86 [internal quotation marks omitted]), "that is, it must be essentially unassailable" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851 [internal quotation marks omitted]; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Eisner v Cusumano Constr., Inc., 132 AD3d 940, 941 [internal quotation marks omitted]). "[L]etters, emails, and affidavits fail to meet the requirements for documentary evidence" (Shah v Mitra, 171 AD3d at 973 [internal quotation marks omitted]).
Here, contrary to the defendant's contention, the certificate of merger attesting to the merger of JJT Properties into Biltmore, the plaintiff's mortgage, and the loan and corporate documents that were presented at the closing of the mortgage loan, which the plaintiff submitted in support of its motion, were "essentially undeniable" and constituted documentary evidence (Fontanetta v John Doe 1, 73 AD3d at 85; see LZG Reality, LLC v H.D.W. 2005 Forest, LLC, 87 AD3d 727). This documentary evidence established that the plaintiff's mortgage was valid and had been duly recorded in the Rockland County Clerk's office approximately two years before the defendant's mortgage was recorded, thus utterly refuting the factual allegations underlying the defendant's counterclaim. The recording of an instrument affecting property is constructive notice to all subsequent purchasers and lienors of its existence and contents, and a subsequent claimant is chargeable with notice of all that record reveals (see Congregation Beth Medrosh of Monsey, Inc. v Rolling Acres Chestnut Ridge, LLC, 101 AD3d 797; Fairmont Funding v Stefansky, 301 AD2d [*3]562). Therefore, we agree with the Supreme Court's determination granting the plaintiff's motion, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the defendant's counterclaim, and declaring that the plaintiff's mortgage is prior and superior to the mortgage held by the defendant.
The Supreme Court, however, should not have, sua sponte, in effect, declared that the defendant's mortgage is invalid. "[A] court may grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Frankel v Stavsky, 40 AD3d 918, 918-919; see USAA Fed. Sav. Bank v Calvin, 145 AD3d 704, 706). Here, the court's sua sponte determination that the defendant's mortgage is invalid was dramatically unlike the relief sought by the plaintiff on its motion.
The defendant's remaining contention is without merit.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court