S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc. (2019 NY Slip Op 09049)





S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc.


2019 NY Slip Op 09049


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-02625
 (Index No. 59714/18)

[*1]S & J Service Center, Inc., appellant, 
v
Commerce Commercial Group, Inc., respondent.


Cohen & Spector, White Plains, NY (Julius W. Cohn of counsel), for appellant.
Burchetta & Associates, New York, NY (James D. Burchetta of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated February 4, 2009. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The parties entered into a letter of intent (hereinafter the LOI) for the defendant to lease a gas station and convenience store from the plaintiff. The plaintiff subsequently commenced an action, inter alia, to recover damages for breach of contract. The defendant moved to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7). The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1), finding that the LOI was not a binding contact.
"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (Granada Condominium III Assn. v Palomino, 78 AD3d 996; see Leon v Martinez, 84 NY2d 83, 87). A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 924-925). "The evidence submitted in support of such motion must be documentary or the motion must be denied" (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [internal quotation marks omitted]; see Attias v Costiera, 120 AD3d 1281; Fontanetta v John Doe 1, 73 AD3d 78, 84).
In order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as "documentary evidence," it must be "unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d at 997; see Attias v Costiera, 120 AD3d at 1282-1283; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable,' would qualify as documentary evidence' in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85, quoting David D. Siegel, Practice [*2]Commentaries, McKinney's Cons Laws of NY, CPLR C3211:10; see Attias v Costiera, 120 AD3d at 1283). However, "[n]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (Granada Condominium III Assn. v Palomino, 78 AD3d at 997 [internal quotation marks omitted]; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714).
Here, the emails and the unsigned documents relied on by the Supreme Court to conclude that the LOI was an unenforceable agreement to agree were not essentially undeniable, and did not constitute documentary evidence (see Kalaj v 21 Fountain Place, LLC, 169 AD3d 657, 658). Furthermore, the LOI itself contained all the essential elements of a lease, including the area to be leased, the duration of the lease, and the price to be paid (see Matter of Dodgertown Homeowners Assn. v City of New York, 235 AD2d 538). Moreover, nothing in the LOI stated that it was not binding, and its language did not conclusively establish that the parties did not intend to be bound by it (see Kalaj v 21 Fountain Place, LLC, 169 AD3d at 658; cf. 2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp., 50 AD3d 1021). Accordingly, the court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint.
Although the Supreme Court did not address the branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211(a)(7), in the interest of judicial economy, we will address the merits rather than remit the matter to the Supreme Court (see Buchanan v Keller, 169 AD3d 989, 991). A court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7), and then the question becomes whether the plaintiff has a cause of action, not simply whether a cause of action is stated (see Kalaj v 21 Fountain Place, LLC, 169 AD3d at 658). Unless the defendant can demonstrate that there is no factual issue as claimed by the plaintiff, the motion to dismiss should be denied (see id.; Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832). Here, the defendant failed to demonstrate that there was no factual issue regarding whether the LOI can be construed as a binding contract. Accordingly, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211(a)(7) should have been denied.
BALKIN, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court