7 Mansion, LLC v Calvano (2024 NY Slip Op 01900)

7 Mansion, LLC v Calvano

2024 NY Slip Op 01900

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-05350
 (Index No. 600007/21)

[*1]7 Mansion, LLC, appellant, 
v
Anthony S. Calvano, defendant, Lynn R. Calvano, respondent.

Solomon Zabrowsky, New York, NY, for appellant.
The Vassos Law Firm, P.C. (Hubell & Associates LLC, New York, NY [Richard A. Hubell], of counsel), for respondent.

DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated June 10, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendant Lynn R. Calvano which were pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against her and to cancel a notice of pendency filed by the plaintiff against the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2020, the plaintiff and the defendant Lynn R. Calvano (hereinafter the defendant) entered into a contract whereby the defendant agreed to sell a parcel of property located in Old Westbury for a purchase price of $2,200,000. Following various delays and an amendment to the contract, the plaintiff did not appear at a scheduled closing and, by letter dated December 8, 2020, the defendant cancelled the contract. Thereafter, the plaintiff commenced this action against the defendant and another individual, seeking specific performance of the contract. The plaintiff also filed a notice of pendency against the subject property. The defendant moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against her and to cancel the notice of pendency. By order dated June 10, 2021, the Supreme Court, among other things, granted those branches of the defendant's motion. The plaintiff appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only if 'the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "Thus, the defendant bears the burden of demonstrating that the proffered documentary evidence conclusively refutes the plaintiff's factual allegations" (Giambrone v Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco, 197 AD3d 459, 461). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 855-856; see Krasnow v Catania, 219 AD3d 1324). "'[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case'" (JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790, quoting Eisner v Cusumano Constr., Inc., 132 AD3d 940, 941). Letters, emails, and affidavits are not documentary evidence (see Shah v Mitra, 171 AD3d 971, 973). "An unambiguous contract provision may constitute documentary evidence [*2]warranting the dismissal of the complaint pursuant to CPLR 3211(a)(1)" (Wilson v Poughkeepsie City School Dist., 147 AD3d 1112, 1113, citing Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava, 144 AD3d 431).
Applying these principles to the instant case, we conclude that the terms and conditions of the contract of sale utterly refute the plaintiff's allegations and establish a defense as a matter of law (see Mahmood v County of Suffolk, 166 AD3d 751, 753). In support of the motion, the defendant submitted, inter alia, the deed, the contract, the amendment to the contract, various letters, and the defendant's affidavit. Although the affidavit and the letters are not documentary evidence (see Leader v Steinway, Inc., 180 AD3d 886; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997), the amendment to the contract states that the plaintiff had failed to close at the agreed-upon dates in the contract and had requested extensions of time, and the contract and the amendment to the contract provide that the plaintiff's failure to close pursuant to the terms and conditions of sale will result in a forfeiture of the down payment, that the plaintiff's failure to close on the extended closing date shall entitle the defendant to cancel the sale and to retain the down payment, and, in those circumstances, the plaintiff waives all claims of any right, title, and interest in the property and the down payment. Additionally, the terms and conditions of the amendment to the contract demonstrate that the plaintiff waived any and all rights to file a notice of pendency and to seek the return of the down payment (see Mahmood v County of Suffolk, 166 AD3d at 753).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against her and to cancel the notice of pendency.
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court