Hampton v Maujer, LLC
2026 NY Slip Op 50714(U)
May 1, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Summary Proceedings--Illegal Lockout--Documentary Evidence

Melissa Hampton, Appellant,
v
Maujer, LLC and Danella Forcier, Respondents.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts
Decided on May 1, 2026
2025-192 K C
Present: : Wavny Toussaint, P.J., Chereé A. Buggs, Joanne D. Quiñones, JJ

Melissa Hampton, appellant pro se.
Balsamo, Rosenblatt & Hall, P.C. (Edward Hall of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Remy Smith, J.), dated August 12, 2024. The order, insofar as appealed from, granted a cross-motion by Maujer, LLC to dismiss so much of the petition as was asserted against it and, sua sponte, dismissed so much of the petition as was asserted against Danella Forcier in a summary proceeding brought pursuant to RPAPL 713 (10).
[*1]
ORDERED that, on the court's own motion, so much of the notice of appeal as is from the portion of the order which, sua sponte, dismissed so much of the petition as was asserted against Danella Forcier is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order, insofar as appealed from, is reversed, without costs, the cross-motion by Maujer, LLC to dismiss so much of the petition as was asserted against it is denied, the sua sponte dismissal of so much of the petition as was asserted against Danella Forcier is vacated and the petition is reinstated against both respondents.
After the locks were changed on the apartment tenant had been in possession of since approximately 2004, she commenced this illegal lockout proceeding (RPAPL 713 [10]) by order to [*2]show cause in lieu of a notice of petition (see CPLR 403 [d]) against her landlord, Maujer, LLC, and against Danella Forcier, the occupant who was in possession of the apartment when tenant tried to gain access. Landlord cross-moved to, among other things, dismiss so much of the petition as was asserted against it based on documentary evidence (see CPLR 3211 [a] [1]), alleging that tenant sublet the entire four-bedroom apartment to occupant and annexing a sublease between occupant and tenant, which was only signed by occupant. Landlord's agent alleged that occupant had provided him with the sublease. Tenant countered that the proposed sublease stated that it was for cohabitation of the apartment, that landlord had been harassing her and had made various attempts to get her to vacate the apartment, and that, when she attempted to access the apartment, occupant told her that landlord had changed the locks because it wanted occupant in the apartment and wanted tenant to vacate. Without conducting a hearing, in an order dated August 12, 2024, insofar as appealed from, the Civil Court (Remy Smith, J.) granted landlord's cross-motion to dismiss so much of the petition as was asserted against it and also, sua sponte, dismissed so much of the petition as was asserted against occupant, relying on the purported sublease.
Under CPLR 3211 (a) (1), "for evidence to qualify as 'documentary,' it must be unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997 [2010]; see Sag Harbor Pooh, LLC v Plaza Surf & Sport, Inc., 60 Misc 3d 137[A], 2018 NY Slip Op 51116[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Here, it was improper to rely upon the unauthenticated and not fully executed sublease. Thus, the record does not demonstrate, as a matter of law, that landlord and Forcier did not "enter[] the property . . . by force or unlawful means" (RPAPL 713 [10]), and, consequently, dismissal was not warranted based upon the document presented.
Accordingly, the order, insofar as appealed from, is reversed, landlord's cross-motion to dismiss so much of the petition as was asserted against it is denied, the sua sponte dismissal of so much of the petition as was asserted against occupant is vacated and the petition is reinstated against both respondents.
TOUSSAINT, P.J., BUGGS and QUIÑONES, JJ., concur.

ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 1, 2026