■ LISA J. WEKSLER, Individually and as a Shareholder of BRUCE SUPPLY CORP. and a Member of 6015 16TH AVENUE REALTY LLC and in the Right of and on Behalf of BRUCE SUPPLY CORP. and Another, Respondent, v JOSEPH WEKSLER, in His Personal Capacity and as Guardian for MATTHEW WEKSLER and Another under the Unform Gifts to Minors Act, et al., Appellants, et al., Defendants. In the Matter of LISA J. WEKSLER, Respondent, v JOSEPH WEKSLER et al., Appellants. [33 NYS3d 247]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered March 30, 2012, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Joseph Weksler (Joseph) and Bruce Weksler (Bruce) for summary judgment dismissing the first and second causes of action (breach of contract and promissory estoppel, respectively), unanimously affirmed, without costs. Order, same court (Marcy S. Friedman, J.), entered July 31, 2014, which, to the extent appealed from as limited by the briefs, denied respondents' motion to dismiss allegations predating October 17, 2005 as time-barred, unanimously affirmed.

The alleged oral agreement between plaintiff, on the one hand, and Joseph and Bruce, on the other, is not too indefinite to be enforced. Rejecting an agreement as indefinite is a last resort (*see e.g. Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 485 [1989], *cert denied* 498 US 816 [1990]). The alleged agreement was that Joseph and Bruce (plaintiff's brothers) and nonparty Jack Weksler (the parties' father) would give plaintiff shares of defendant Bruce Supply Corp. until plaintiff, Joseph, and Bruce each had an equal number of shares.

It is true that the alleged agreement did not say when gifting was to commence or how long it would take. However, "[w]hen a contract does not specify time of performance, the law implies a reasonable time" (*Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765 [1993]).

The agreement could have been performed within one year; therefore, it does not run afoul of the statute of frauds (General Obligations Law § 5-701 [a] [1]).

Joseph and Bruce's argument that the promissory estoppel claim should be dismissed as duplicative of an insufficient breach of contract claim is improperly made for the first time in reply (*see e.g. Shia v McFarlane*, 46 AD3d 320 [1st Dept 2007]).Joseph and Bruce's preserved arguments regarding promissory estoppel are unavailing. At a minimum, there are triable issues of fact as to the existence of a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise. The general merger

clauses in the stock purchase agreements and the amended and restated shareholders agreement, which do not concern the same subject matter as the alleged promise, do not bar the promissory estoppel claim (*see Urban Holding Corp. v Haberman*, 162 AD2d 230, 231 [1st Dept 1990]).

The court properly found that CPLR 205 (a) applied to index No. 652843/11. The first action (index No. 603288/07) was "timely commenced" (*id.*). Because CPLR 205 (a) is a remedial statute, whose "broad and liberal purpose is not to be frittered away by any narrow construction" (*George v Mt. Sinai Hosp.*, 47 NY2d 170, 177 [1979] [internal quotation marks omitted]; *see also Malay v City of Syracuse*, 25 NY3d 323, 327, 329 [2015]), the eleventh cause of action of index No. 603288/07 should be deemed "terminated" within the meaning of CPLR 205 (a) as of this Court's decision in *Weksler v Weksler* (85 AD3d 688 [1st Dept 2011]). Petitioner commenced index No. 652843/11 within six months after that decision (*see* CPLR 205 [a]).

Respondents' claim that CPLR 205 (a) does not apply because the eleventh cause of action was a nullity is without merit. "[R]esolution of questions involving CPLR 205 (subd [a]) is not aided by use of the word 'nullity' " (*Carrick v Central Gen. Hosp.*, 51 NY2d 242, 248 [1980] [ellipses and some internal quotation marks omitted]). "Indeed, . . . the statute by its very nature is applicable in those instances in which the prior action was properly dismissed because of some fatal flaw; thus to suggest that it should not be applied simply because there was a deadly defect in the prior action seems nonsensical" (*id.* [internal quotation marks and brackets omitted]).

Respondents complain that the 2014 order effectively gave petitioner an 11-year statute of limitations. However, the Court of Appeals has "declined to subordinate CPLR 205 (a) and the policy preference it embodies even where the effect of [the court's] declination was . . . to toll for a substantial period a designedly brief limitations period" (*Matter of Goldstein v New York State Urban Dev. Corp.*, 13 NY3d 511, 521 [2009]). We note that "at least one of the fundamental purposes of the Statute of Limitations has in fact been served, and [respondents have] been given timely notice of the claim being asserted by [petitioner]" (*George*, 47 NY2d at 177). Concur—Friedman, J.P., Acosta, Saxe, Gische and Webber, JJ.