Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.

■ The People of the State of New York, Respondent, v Ramon Medina-Feliz, Appellant. [57 NYS3d 475]—

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered November 14, 2014, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and attempted criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of three years, unanimously reversed, on the law, the pleas as to both counts vacated, and the matter remanded for further proceedings.

This is a "rare case" where the preservation requirement for challenges to guilty pleas does not apply because "defendant's factual recitation negate[d] an essential element of the crime pleaded to" and the court "accept[ed] the plea without making further inquiry to ensure that defendant underst[ood] the nature of the charge and that the plea [was] intelligently entered" (*People v Lopez*, 71 NY2d 662, 666 [1988]). The crime of attempted possession of a weapon in the second degree requires that a defendant intend to use the weapon unlawfully against another. However, during the plea colloquy, defendant explicitly, repeatedly and consistently denied any intent to use the weapon against anyone, lawfully or otherwise, at the time the police recovered it or at any other time. The court asked followup questions, but they were ineffectual because defendant's responses only reconfirmed that he expressly denied having the requisite intent. Although an express admission of unlawful intent may not have been necessary in the first place, particularly because such intent is presumed (*see* Penal Law § 265.15 [4]), defendant expressly negated that intent.

Because the promise of concurrent sentences can no longer be fulfilled, defendant is also entitled to vacatur of his plea to possession of a controlled substance (*see People v Rowland*, 8 NY3d 342 [2007]; *People v Pichardo*, 1 NY3d 126 [2003]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.

■ Denise A. Rubin, Respondent, v Napoli Bern Ripka Shkolnik, LLP, et al., Defendants, and Paul J. Napoli, Appellant. [58 NYS3d 320]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 30, 2016, which, to the extent appealed from, denied the individual defendant's motion to amend his answer insofar as he sought to assert counterclaims for defamation and defamation per se, unanimously affirmed, with costs.

Because the notice of appeal was limited to "the defamation and defamation per se causes of action," we cannot consider defendant's arguments relating to the motion court's denial of leave to amend his answer to assert counterclaims for intentional and negligent infliction of emotional distress (*see D'Mel & Assoc. v Athco, Inc.*, 105 AD3d 451, 453 [1st Dept 2013]).

As to the proposed defamation counterclaims, defendant initially sought to assert them as standalone counterclaims within the one-year limitations period. However, the counterclaims were dismissed as procedurally improper, since they were not appended to an answer (*see* CPLR 3011; *Newman v Newman*, 245 AD2d 353, 354 [2d Dept 1997]). Because the motion for leave to amend was made less than six months later, the proposed counterclaims could be saved by CPLR 205 (a)'s six-month grace period (*see George v Mt. Sinai Hosp.*, 47 NY2d 170, 177-179 [1979]; *Weksler v Weksler*, 140 AD3d 491, 493 [1st Dept 2016]).

Nevertheless, in the record before us, defendant fails to state with particularity the allegedly defamatory statements, and therefore his fourth and fifth counterclaims are defective as a matter of law (CPLR 3016 [a] ["the particular words complained of shall be set forth in the complaint"]; *Dillon v City of New York*, 261 AD2d 34, 40 [1999]).* To the extent that defendant's counterclaim sets forth some of the words complained of, they consist largely of verbatim quotations from the complaint, and thus are "absolutely privileged and cannot form the basis of a defamation action" (*Flomenhaft v Finkelstein*, 127 AD3d 634, 637 [1st Dept 2015]; *see Tacopina v O'Keeffe*, 645 Fed Appx 7, 8 [2d Cir 2016]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ. ■

---

* Defendant's counterclaim refers to exhibits that are not in the record before us. It is not clear whether they were attached to the papers before the motion court.