Reveam, Inc. v Taylor Freres Capital Mkts., LLC (2024 NY Slip Op 03388)

Reveam, Inc. v Taylor Freres Capital Mkts., LLC

2024 NY Slip Op 03388

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Oing, J.P., Friedman, González, Rodriguez, O'Neill Levy, JJ. 

Index No. 655074/21 Appeal No. 2533 Case No. 2024-00670 

[*1]Reveam, Inc., Plaintiff-Appellant-Respondent,
v
Taylor Freres Capital Markets, LLC, Defendant-Respondent-Appellant, Zachary Taylor Defendant.

Paul Hastings LLP, Atlanta, GA (William K. Whitner of the bar of the State of Georgia, admitted pro hac vice, of counsel), for appellant-respondent.
Al Myers Law, LLC, New York (Albert M. Myers of counsel), and Glancy Prongay & Murray LLP, New York (Brian Murray of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered January 2, 2024, which, to the extent appealed from as limited by the briefs, granted in part and denied in part plaintiff Reveam, Inc.'s (Reveam) motion to dismiss defendant Taylor Freres Capital Markets, LLC's (Taylor Freres) breach of contract, declaratory judgment, and unjust enrichment counterclaims, unanimously affirmed, without costs.
The Two Year Tail Right provision in the parties' 2013 letter agreement, as amended, was sufficiently definite to be enforceable. That provision stated that plaintiff Reveam and defendant Taylor Freres would: "negotiate in good faith appropriate supplemental compensation for [Taylor Freres] in the form of supplemental Performance Bonuses, which will take into account, inter alia, the results obtained and the value derived by [Reveam] in connection with said Financing Transactions, together with prevailing customs and practices among financial advisors acting in similar transactions." By taking into account "the results obtained and the value derived" by Reveam, as well as "prevailing customs and practices among financial advisors acting in similar transactions," the provision provided a methodology for determining the missing term" by "recourse to an objective extrinsic event, condition or standard" on which the price term could be ascertained (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 92 [1991] [internal quotation marks and brackets omitted]; see Cowen and Co., LLC v Fiserv, Inc., 141 AD3d 18, 21 [1st Dept 2016]). The provision's lack of a due date for such payment is not fatal (see Weksler v Weksler, 140 AD3d 491, 492 [1st Dept 2016]).
The motion court properly denied dismissal of the breach of contract and declaratory judgment counterclaims premised on the interest/late fee provision, which provided for fees and interest for late payments under the Two Year Tail Right. Insofar as the law may imply a reasonable time frame for payment where none is stated, it is at least conceivable at the pleading stage that such a date may be established to determine when late fees and interest began to accrue (see Weksler, 140 AD3d at 492).
The motion court also properly denied dismissal of Taylor Freres' declaratory judgment counterclaim regarding the Discounted Conversion Right. Under the parties' 2013 agreement, as amended, the right could be based on "[a]ny portion of any Performance Bonus." The use of the term "any" suggests the possibility of more than one Performance Bonus to which the Discounted Conversion Right may apply. Thus, Reveam's argument that the Discounted Conversion Right applies only to the Performance Bonus defined as $750,000, and not to the "supplemental Performance Bonuses" in the Two Year Tail Right provision, is unavailing.
The motion court properly dismissed the breach of contract and declaratory judgment counterclaims regarding the Financial Advisor Right of First Refusal provision. Under the [*2]provision, Taylor Freres was granted "an unconditional right of first refusal (the Right of First Refusal) to act as [Reveam]'s exclusive Financial Advisor" subject to certain conditions. Taylor Freres concedes that no third party offered to act as Reveam's financial advisor but merely alleged that Reveam nevertheless commenced financing transactions which triggered Taylor Freres' right. This does not suffice (see LIN Broadcasting Corp. v Metromedia, Inc., 74 NY2d 54, 60 [1989]).
The motion court properly dismissed the breach of contract counterclaim with respect to the Discounted Conversion Right. The Discounted Conversion Right gave Taylor Freres, at its "sole discretion," the right to convert certain amounts that remained unpaid into Reveam equity "which is outstanding as at the date of such election," at a valuation based on the date of such election. Thus, Taylor Freres was required to make an election, to convert the shares, and to provide a means to determine how the unpaid amounts would be converted into shares. Taylor Freres conceded that it did not allege that it made such an election. Thus, it did not ripen into an enforceable contract term.
The motion court also properly dismissed Taylor Freres' unjust enrichment claim as an enforceable contract governs the services Taylor Freres describes having performed in connection with its unjust enrichment claim. This "precludes recovery in quasi contract" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024