| Strum v Lasry |
|:---:|
| 2026 NY Slip Op 30732(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 159889/2024 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                 PART                  47

*Justice*

-------------------------------------------------------------------------------X

GINA STRUM,

                              Plaintiff,

                          - v -

MARC LASRY, SONIA GARDNER, AVENUE CAPITAL GROUP

                              Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159889/2024 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 76, 77, 78, 79, 80, 81, 82, 83, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 120

were read on this motion to/for                  DISMISS                  .

Upon the foregoing documents, it is

ORDERED that the portion of defendants' motion seeking to dismiss plaintiff's Tenth cause of action for a breach of contract is granted because plaintiff has failed to plead that the parties agreed to an enforceable contract, in that it is undisputed that the Term Sheet (NYSCEF Doc No 80) stated that "[t]his term sheet has been prepared for discussion purposes only and shall not create a legally binding contract or commitment by any party" (*see Parkmerced Inv'rs, LLC v WeWork Companies LLC*, 217 AD3d 531 [1st Dept 2023] [dismissing breach of contract claim based on a term sheet with explicit language stating sheet was non-binding], and as for plaintiff's argument that she has sufficiently alleged an "implied-in-fact" contract based upon work performed prior to the dissemination of the Term Sheet, and defendant, Lasry's acknowledgments of those contributions (NYSCEF Doc No 70 ¶¶ 52 – 58, 75), in order to plead a breach of contract cause of action based upon an implied promise, a court must be able to "justifiably infer that the promise would have been explicitly made, had attention been drawn to

159889/2024   **STRUM, GINA vs. LASRY, MARC ET AL**                         **Page 1 of 4**
Motion No. 007

1 of 4

[* 1]

it" (*Maas v Cornell Univ.*, 94 NY2d 87, 94 [1999]), and here such an inference cannot be drawn since the complaint admits that negotiations between the parties were actively taking place, until they broke down, implind that an agreement had not been reached (*see J. Grotto & Assoc., Inc. v Hiro Real Estate Co.*, 271 AD2d 360 [1st Dept 2000], thus plaintiff has failed to plead facts that sufficiently allege an enforceable implied contract; and it is further

ORDERED that the portion of defendants' motion seeking to dismiss plaintiff's Fourteenth cause of action for breach of the covenant of good faith and fair dealing is granted because as stated above, plaintiff has failed to allege the existence of a contract and there is "[n]o implied covenant of good faith and fair dealing [ ] in the absence of a contract" (*Gross v Kikuchi*, 241 AD3d 1153, 1154 [1st Dept 2025]); and it is further

ORDERED that the portion of defendants' motion seeking to dismiss plaintiff's Ninth cause of action for breach of fiduciary duty is granted because in order to set forth a breach of fiduciary duty claim based upon a joint venture agreement it must allege a mutual promise or undertaking (*U.S. Bank N.A. v Kahn Prop. Owner, LLC*, 206 AD3d 851 [2d Dept 2022]), and as stated above plaintiff has failed to adequately allege such a promise, and while plaintiff argues that the complaint adequately sets forth the indicia of an implied joint venture based upon the parties' conduct, the facts alleged here fail to meet this burden (*see MacKay v Paesano*, 185 AD3d 915 [2d Dept 2020] [implied joint venture not properly pled when a plaintiff fails to allege facts that impute an agreement to share profits and losses]; *compare Richbell Info. Services, Inc. v Jupiter Partners, L.P.*, 309 AD2d 288 [1st Dept 2003] [implied joint venture pled because one party contributed $85 million and other purchased assets worth $65 million]); and it is further

ORDERED that the portion of defendants' motion seeking to dismiss plaintiff's Fifteenth and Sixteenth causes of action for Fraudulent Misrepresentation and for Constructive Fraud, is

159889/2024   STRUM, GINA vs. LASRY, MARC ET AL
Motion No.  007

Page 2 of 4

2 of 4

granted because in order to plead a cause of action for fraud, a plaintiff must allege that "he or she actually relied on [a] misrepresentation, [and] that this reliance was reasonable or justifiable" (*Daly v Kochanowicz*, 67 AD3d 78, 89 [2d Dept 2009]) and "[w]here a term sheet or other preliminary agreement explicitly requires the execution of a further written agreement before any party is contractually bound, it is unreasonable as a matter of law for a party to rely upon the other party's promises to proceed with the transaction in the absence of that further written agreement" (*StarVest Partners II, L.P. v Emportal, Inc.*, 101 AD3d 610, 613 [1st Dept 2012]), and as for plaintiff's argument that her fraud claims are based upon alleged misrepresentations made prior to the dissemination of the Term Sheet, "the complaint fails to set forth any dates or details of the … defendants' alleged misstatements or misrepresentation" and must be dismissed (*Lee Dodge, Inc. v Sovereign Bank, N.A.*, 148 AD3d 1007, 1008 [2d Dept 2017]); and it is further

ORDERED that the portion of defendants' motion seeking to dismiss plaintiff's Twelfth and Thirteenth causes of action for defamation is denied because while in general there is an "immunity from liability for defamation … for oral or written statements made … in connection with a proceeding before a court when such words and writings are material and pertinent to the questions involved" (*Gottwald v Sebert*, 40 NY3d 240, 253 [2023]), and such privilege extends to quotes to the press summarizing legal filings (*see Rubin v Napoli Bern Ripka Shkolnik, LLP*, 151 AD3d 603 [1st Dept 2017]), there is an exception to the privilege which "prevents early dismissal of a defamation claim where there are nonconclusory allegations that raise a question of fact as to whether the underlying litigation was maliciously instituted for the purpose of defaming or pressuring a party into taking certain action" (*RCI Hosp. Holdings, Inc. v White*, 220 AD3d 430, 430 [1st Dept 2023]), and here reading the complaint as true and "accord[ing]

159889/2024   STRUM, GINA vs. LASRY, MARC ET AL
Page 3 of 4
Motion No.  007

3 of 4

plaintiff[] the benefit of every possible favorable inference" (*African Diaspora Mar. Corp. v Golden Gate Yacht Club*, 109 AD3d 204, 211 [1st Dept 2013]), plaintiff has alleged that the parties were in negotiations to settle the matter and discouraged her from filing suit, however they allegedly then filed their own suit to pressure plaintiff into accepting their settlement terms, thus plaintiff has adequately alleged facts that raise a question of fact as to whether the suit was maliciously instituted and consequently the defamation causes of action will not be dismissed at this juncture; and it is further

ORDERED that defendants are directed to serve an answer to the amended complaint within 20 days after service of a copy of this order with notice of entry.

20260302155104PGOETZD26D9E53A9C8478BB96972112DF7638D

| 3/2/2026 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| CHECK ONE: | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

159889/2024   STRUM, GINA vs. LASRY, MARC ET AL
Motion No.  007

Page 4 of 4

[* 4]