■ KENT DUREPO et al., Respondents, v FLOWER CITY TELEVISION CORPORATION et al., Appellants, et al., Defendants.—Order insofar as appealed from, modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Defendants appeal from so much of the order of Special Term as denied their motion for summary

judgment dismissing the complaint. For reasons stated by Special Term (Houston, J.), in its memorandum decision, we agree that the cause of action for defamation should not be dismissed on motion because triable issues have been raised. We conclude, however, that the court should have dismissed plaintiff's cause of action for intentional infliction of emotional distress. This cause of action is redundant to the defamation action and any damages for emotional distress are recoverable on the defamation cause of action *(see, Rozanski v Fitch,* 113 AD2d 1010).

All concur, except Lawton, J., who dissents and votes to grant summary judgment dismissing the complaint, in the following memorandum.

Lawton, J. (dissenting). In my view, Special Term should have granted summary judgment dismissing the complaint *(see, Gaeta v New York News,* 62 NY2d 340, 350-351; *Robart v Post-Standard,* 52 NY2d 843; *James v Gannett Co.,* 40 NY2d 415, 424-425). The subject news broadcast was telecast only after the journalist had interviewed all participants in the incident, including plaintiff Durepo, along with officials of the Environmental Protection Agency, the New York State Department of Motor Vehicles and the manager of Conway Trucking. He further reviewed the repair invoices and rode in the allegedly defective vehicle. Defendant's alleged error in investigation was that he failed to discover that it is not a violation of law to remove a catalytic converter from a car manufactured in Canada and sold in the United States, as opposed to one manufactured and sold in the United States. There were no facts to alert defendant to this legal technicality. Further, plaintiff never raised this issue prior to defendant's broadcast when he was interviewed. Only after the broadcast and in support of plaintiffs' complaint was this issue raised. This does not indicate that defendant acted "in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" *(Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199). (Appeal from order of Supreme Court, Livingston County, Houston, J.— summary judgment.) Present—Dillon, P. J., Callahan, Denman, Pine and Lawton, JJ.