■ NYCTL 1998-2 Trust et al., Respondents, v Robert Santiago et al., Defendants. 1516 Schenectady, LLC, as Assignee of Robert Santiago, Nonparty Appellant. [817 NYS2d 368]—

In an action to foreclose a mortgage, 1516 Schenectady, LLC, as assignee of Robert Santiago, appeals (1) from an order of the Supreme Court, Queens County (Golia, J.), dated August 10, 2004, which denied, with leave to renew, that branch of its motion which was to distribute to it surplus funds in the sum of $158,000.28, and (2), as limited by its brief, from so much of an order of the same court dated February 3, 2005, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 10, 2004 is dismissed, without costs or disbursements, as that order was superseded by the order dated February 3, 2005 made upon reargument; and it is further,

Ordered that the order dated February 3, 2005 is affirmed insofar as appealed from, without costs or disbursements.

Following the sale of the subject property pursuant to a judgment of foreclosure dated July 19, 2003, the nonparty appellant 1516 Schenectady, LLC, as assignee of Robert Santiago, sought distribution of the surplus funds. In support of its motion, the appellant tendered an unauthenticated copy of what purported to be an assignment of rights executed by the former owner of the subject premises, the defendant Robert Santiago. However, the appellant made no attempt to authenticate the purported assignment, despite being afforded an opportunity to do so. The court denied the motion, with leave to renew upon proper proof of the appellant's claim of right. We affirm.

A private document offered to prove the existence of a valid contract cannot be admitted into evidence unless its authenticity and genuineness are first properly established (*see Sloninski v Weston*, 232 AD2d 913, 914 [1996]; *see generally* 58 NY Jur 2d, Evidence and Witnesses § 460). Contrary to the appellant's contention, the Supreme Court did not err in requiring that the appellant's motion be supported by legally competent evidence. Accordingly, the motion was properly denied.

In light of our determination, we do not reach the appellant's remaining contentions. Florio, J.P., Adams, Luciano and Fisher, JJ., concur.