█ FAIRLANE FINANCIAL CORPORATION, as Assignee of National Western Life Insurance Company, Respondent, v GREATER METRO AGENCY, INC., et al., Appellants. [972 NYS2d 601]—

In an action, inter alia, to recover damages for breach of contract and breach of a guarantee, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated July 2, 2012, as granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first and second causes of action with respect to commissions received by the defendant Greater Metro Agency, Inc., on "improperly issued annuity contracts," and (2) so much of an order of the same court entered September 21, 2012, as, upon reargument, adhered to the original determination in the order dated July 2, 2012.

Ordered that the appeal from the order dated July 2, 2012, is dismissed, as that order was superseded by the order entered September 21, 2012, made upon reargument; and it is further,

Ordered that the order entered September 21, 2012, is reversed insofar as appealed from, on the law, the determination in the order dated July 2, 2012, granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first and second causes of action with respect to commissions received by the defendant Greater Metro Agency, Inc., on "improperly issued annuity contracts" is vacated, and, upon reargument, the plaintiff's motion for summary judgment on the first and second causes of action is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff, Fairlane Financial Corporation, as assignee of National Western Life Insurance Company (hereinafter Fairlane), is the "national marketing agent" for its alleged assignor,

National Western Life Insurance Company (hereinafter NWL). On July 21, 2003, NWL entered into an agency agreement with the defendant Greater Metro Agency, Inc. (hereinafter Greater Metro), guaranteed by Greater Metro's president, the defendant Laurence Lynch. Pursuant to the agency agreement, Greater Metro sold annuity contracts on behalf of NWL, and was compensated by NWL with commissions. After certain of these annuity contracts were rescinded, NWL made claim for the return of the commissions earned in connection with those rescinded annuity contracts. In accordance with certain documents dated August 20, 2009, NWL purportedly assigned its rights to the return of those commissions to Fairlane, in two separate assignments signed by a person designated as its "Assistant Vice President," whose name is illegible. One assignment was applicable to commissions paid to Comprehensive Planning Strategies, Inc. (hereinafter Comprehensive), and the second was applicable to commissions paid to Thomas Scipione. The assignments describe Comprehensive and Scipione as subagents "contracted by NWL."

In the instant action, Fairlane asserted that Greater Metro and Lynch are each indebted to NWL in the amount of $229,130.01, with interest from April 24, 2009, and that Fairlane, as assignee of NWL, was entitled to that sum. In its complaint, Fairlane asserted three causes of action, the first against Greater Metro, sounding in breach of contract, the second against Lynch, sounding in breach of the guarantee, and the third against Greater Metro, sounding in quantum meruit. Fairlane moved for summary judgment on the first two causes of action, based upon the affidavit of its vice-president, who asserted that "NWL assigned all of its right, title and interest in the amounts owed by Greater Metro and Lynch to Fairlane," citing the two assignments dated August 20, 2009. In opposition, the defendants asserted that NWL's assignments of its claims to Fairlane was not established, since the assignments in the record were not authenticated. Lynch, as guarantor, submitted a personal affidavit, stating that Comprehensive was not Greater Metro's agent, but was in fact an agent of Fairlane.

The Supreme Court, in an order dated July 2, 2012, granted those branches of Fairlane's motion which were for summary judgment on the issue of liability on the first and second causes of action with respect to commissions received by Greater New York on "improperly issued annuity contracts." Upon reargument, as relevant to the instant appeals, the Supreme Court adhered to its original determination that the defendants were liable for breach of contract and breach of guarantee only with

respect to "commissions received by Greater Metro" on "improperly issued annuity contracts."

The general rule is that "[a] writing is ordinarily not relevant at trial unless evidence had been introduced to show that it was made, signed or adopted by a particular person" (Prince, Richardson on Evidence, § 9-101 [2008]). "A private document offered to prove the existence of a valid contract cannot be admitted into evidence unless its authenticity and genuineness are first properly established" (*NYCTL 1998-2 Trust v Santiago*, 30 AD3d 572, 573 [2006]). The authenticity of a document may be established by submitting the document with a certificate of acknowledgment (*see John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 621 [2008]), which was not done here. Nor was any other evidence submitted as to the validity of the documents in issue. Moreover, the language of the assignments indicated that NWL was assigning, to Fairlane, its rights to "any and all sums of money now due or to become due to it from" NWL's subagents, not from agents of Greater Metro.

Accordingly, Fairlane failed to sustain its initial burden of demonstrating its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, the Supreme Court should have denied Fairlane's motion, regardless of the sufficiency of the defendants' opposition papers.

We note that, in awarding summary judgment to Fairlane with respect to commissions received by Greater Metro on "improperly issued annuity contracts," the Supreme Court did not dispose of potential issues of fact, such as which annuity contracts, if any, were improperly issued, and what commissions, if any, were received by Greater Metro.

Fairlane's remaining contentions either are without merit or need not be addressed in light of our determination.

We further note that, while these appeals were pending, the Supreme Court, in an order dated May 7, 2013, granted Fairlane renewal, and, upon renewal, ruled that if the defendants received payments which constituted commissions on annuity contracts improperly issued by Comprehensive, they would be liable for such commissions received, based upon an alternative theory of unjust enrichment. The theory of unjust enrichment is not an issue on these appeals, the propriety of that subsequent order is not before this Court, and its propriety does not affect the instant appeals. Skelos, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.